UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| F. CHRIS CAWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:00-CV-272 |
| | ) | (VARLAN/GUYTON) |
| DAVID HAGGARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on the defendants' Objection to Findings of the Clerk and Motion for Recalculation of Court Costs [Doc. 128]. As outlined in defendants' motion, the defendants submitted a bill of costs [Doc. 113] on March 11, 2004 to the Clerk following this Court's grant of summary judgment in favor of defendants. Proceedings on the bill of costs were stayed pending the appeal of this case to the Sixth Circuit Court of Appeals. On April 8, 2005, the Sixth Circuit affirmed this Court's judgment [Doc. 123]. On February 17, 2006, the bill of costs was referred to the Clerk [Doc. 126], who entered findings on March 10, 2006 and taxed costs against the plaintiff in the amount of $440.92 [Doc. 127].

The defendants complain that the Clerk erroneously reduced the bill of costs by applying a post-September 2005 amendment to Local Rule 54.1 to the bill of costs submitted on March 11, 2004, or alternatively, by disallowing entire invoices based upon perceived deficiencies as measured under the post-September 2005 amended Rule 54.1 regarding the specificity and number of pages in depositions. In support of the objections, defendants have filed an alternative amended bill of costs with additional information to support the requested costs [Doc. 128-2]. Defendants contend

that the total costs to be taxed against the plaintiff based on the additional information submitted is $1,935.51.

The plaintiff has responded [Doc. 129] to the defendants' objection by contending that the original filing was premature as the case was not concluded and that the Court did not grant the defendants' motion until February 17, 2006, at which time the revised local rules were in effect. Plaintiff also contends that the Clerk correctly calculated the taxable costs to be $440.92.

The Court has carefully reviewed the original bill of costs and supporting documentation, defendants' amended bill of costs and supporting documentation, the Clerk's findings, and Local Rule 54.1. Contrary to defendants' representation, Local Rule 54.1 has not been amended since 1994 and the transcription rates as set forth in the Clerk's findings have been in effect since March 14, 2003. Thus, there appears to be no basis for the defendants' assertion that the bill of costs would have been calculated differently before or after September 2005. The Court has reviewed the Clerk's assessment of costs and finds that it is accurate and supported by the record. Moreover, all documentation in support of a bill of costs should be included with the initial filing so that the Clerk will have all necessary information to evaluate the requested costs. Thus, the Court's opinion is not altered by the defendants' untimely supplementation of the bill of costs. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 n.7 (8th Cir. 2006) (court within its discretion to strike untimely supplementation to bill of costs).

Accordingly, the defendants' objection to findings of the clerk [Doc. 128] is **OVERRULED** and defendants' motion for recalculation of court costs [Doc. 128] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE